UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: VEROBLUE FARMS USA,
INC., LITIGATION                                                                                       MDL No. 2923


ORDER DENYING TRANSFER


**Before the Panel**[1]: Respondents[1] to subpoenas in the two actions challenging those subpoenas listed on Schedule A move under 28 U.S.C. § 1407 to centralize this dispute in the Northern District of Illinois. Plaintiff in the Northern District of Texas action[2] in which the subpoenas arose, Veroblue Farms USA, Inc., supports centralization in the Northern District of Iowa.

After considering all arguments of counsel, we conclude that Section 1407 centralization of this litigation is not necessary. The actions involve nearly identical motions to quash that largely concern respondents' interactions with the founders of VeroBlue Farms, a sustainable fish farm in Webster City, Iowa that was once one of the world's largest land-based producers of barramundi. VeroBlue alleges in its Northern District of Texas case that the former founders of VeroBlue and other conspirators[3] misappropriated through numerous schemes or otherwise squandered over $90,000,000 in debt or equity that others had invested in VeroBlue. In particular, VeroBlue alleges that the founders' paid themselves inappropriately large salaries, made a series of material misrepresentations about key metrics in the aquaculture industry (such as feed/fish conversion ratio, mortality, density of fish per tank, water quality and other metrics used to determine profitability), as well as made multiple false assertions about their technical abilities to run a sustainable fish farm operation. VeroBlue also alleges that defendants unsuccessfully (and improperly) sought to have its Northern District of Texas case dismissed via its Chapter 11 bankruptcy proceedings and that respondents here may have knowledge about that chapter of defendants' alleged misconduct. In litigation such as this, where only a few actions are involved, the

---

[1] FishDish LLC; Kenneth Lockard; BEECHER FIELD WALKER MORRIS HOFFMAN & JOHNSON, PC; HORWOOD MARCUS & BERK CHARTERED; and GOLDSTEIN & MCCLINTOCK LLP.

[2] *VeroBlue Farms USA, Inc. v. Leslie A. Wulf, et al.*, N.D. Texas, Case No. 19-764.

[3] The founder defendants include Leslie A. Wulf (former VeroBlue Chief Executive Officer), Bruce A. Hall (former VeroBlue Chief Financial Officer), James Rea (former VeroBlue director, officer and employee), John E. Rea (also a former VeroBlue director, officer and employee), and Keith Drive (a former VerroBlue officer who VeroBlue alleges functioned as a Chief Operating Officer). Conspiring defendants include the daughter of one of the founders (Christine Gagne), an investment bank (Canaccord Genuity LLC), and a Toronto-based corporate lawyer (Sean Maniaci) who is alleged to have served as the founders' counsel, VeroBlue's counsel and as an advocate against VeroBlue in its bankruptcy proceedings.

- 2 -

proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Movants have failed to carry that burden. They have not persuaded us that creating an MDL is necessary for these two cases.

Resolution of these two cases likely will hinge on legal questions (such as issues of privilege, the temporal scope of discovery in the Northern District of Texas complaint, and whether the doctrine of res judicata bars the current subpoenas). But common legal questions do not satisfy Section 1407's requirement of common factual questions. *See, e.g., In re: Envtl. Prot. Agency Pesticide Listing Confidentiality Litig.*, 434 F. Supp. 1235, 1236 (J.P.M.L.1977) (denying centralization and noting that "the predominant, and perhaps only, common aspect in these actions is a legal question of statutory interpretation"). Although movants seek efficiencies through centralized treatment of their motions to quash, "[m]erely to avoid [different] federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 1407 centralization." *In re: Medi-Cal Reimbursement Rate Reduction Litig.*, 652 F. Supp. 2d 1378, 1379 (J.P.M.L. 2009); *see also In re: Real Estate Transfer Tax Litig.*, 895 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012) (same).

Thus, despite the parties' agreement that centralization is proper, we are not convinced that resolution of the present motions to quash will be so time-consuming or that any discovery underlying the issue of enforcing the subpoenas will be so complex as to justify creating a novel, limited-purpose MDL. If needed as this litigation progresses, various mechanisms are available to minimize or eliminate the possibility of duplicative discovery in the absence of an MDL. Here, the parties can agree to proceed in a single forum; indeed, the seeds of cooperation already are evident – the respondents filed omnibus motions to quash in both actions and all parties agreed that the litigation should proceed in one court.

IT IS THEREFORE ORDERED that the motion for Section 1407 centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle      R. David Proctor
Catherine D. Perry       Nathaniel M. Gorton
Matthew F. Kennelly      David C. Norton

IN RE: VEROBLUE FARMS USA,
INC., LITIGATION                                                                                   MDL No. 2923

## SCHEDULE A

<u>Northern District of Illinois</u>

VEROBLUE FARMS USA, INC. v. WULF, ET AL., C.A. No. 1:19-06542

<u>Northern District of Iowa</u>

VEROBLUE FARMS USA, INC. v. WULF, ET AL., C.A. No. 3:18-03047